**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3807-15T2

MALIK ALI,

    Appellant,

v.

NEW JERSEY DEPARTMENT OF
CORRECTIONS,

    Respondent.

_____

Submitted July 31, 2018 — Decided August 6, 2018

Before Judges Sabatino and Mawla.

On appeal from the New Jersey Department of
Corrections.

Malik Ali, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney
for respondent (Melissa Dutton Schaffer,
Assistant Attorney General, of counsel;
Suzanne M. Davies, Deputy Attorney General,
on the brief).

PER CURIAM

    Appellant Malik Ali is an inmate serving a life sentence in

New Jersey State Prison.  He appeals from a July 5, 2016 final

agency decision of the Department of Corrections, finding him

guilty under N.J.A.C. 10A:4-4.1 of a prohibited act, *.803/*.751 (attempting to bribe prison staff), and *.803/*.306 (attempted conduct which disrupts or interferes with the security or orderly running of the correctional facility). As a result of the finding, appellant forfeited the $600 in his prison account.

According to the Department's findings, the facts leading to appellant's adjudication were that he solicited his daughter to receive money from a civilian. The money was used to pay corrupt staff to smuggle contraband into the prison and launder money back to appellant by way of money orders, which were in the exact amounts of $200 and $400 each. The Department relied upon an investigation by its Special Investigations Division ("SID") and letters sent by a fellow inmate, R.W., to the civilian with the money laundering instructions.

On his initial appeal, appellant argued he should have had the opportunity at the original disciplinary hearing in November 2014 to adduce the live testimony of R.W. in order to attack R.W.'s credibility, and potentially dispel the claim that appellant was at the center of the alleged money laundering scheme. In June 2016, we remanded to the Department to consider appellant's request for such live testimony.

On remand, the Department denied appellant's request for live testimony, citing concerns that doing so would be hazardous to

2

prison security and could create a sense of intimidation and fear on R.W.'s part if he gave testimony that conflicted with appellant's account. The Department relied instead on R.W.'s letter, which named appellant as the recipient of the laundered funds. The Department noted appellant had not requested additional witness statements, and the written witness statement he had procured was vague and self-serving. The Department additionally found the funds from appellant's daughter matched the sum the civilian had been instructed to give her in the letter.

On appeal from the remand determination, appellant argues the Department did not follow the remand instructions, which he believes mandated the live testimony of R.W. He argues he was deprived of due process because the Department's determination was based on evidence he could not review. He further argues he was not adjudicated guilty of an offense that mandated forfeiture of his prison account funds.

Our scope of review in this prison disciplinary matter is limited. We generally will not disturb the Department's administrative decision to impose disciplinary sanctions upon an inmate, unless the inmate demonstrates that the decision is arbitrary, capricious or unreasonable, or that the record lacks substantial, credible evidence to support that decision. See

A-3807-15T2

<u>Jacobs v. Stephens</u>, 139 N.J. 212, 222 (1995); <u>Figueroa v. N.J.</u>
<u>Dep't of Corr.</u>, 414 N.J. Super. 186, 190 (App. Div. 2010).

Applying this principle of deference, we affirm the Department's final agency decision. The Department has wide discretion as to whether to allow live testimony in disciplinary hearings. <u>See</u> N.J.A.C. 10A:4-9.13(a)(1). We are unpersuaded that the Department abused that discretion here, or that it violated appellant's due process rights. Appellant had a fair opportunity to review the SID evidence the Department relied upon. He does not explain specifically how live testimony would have likely changed the outcome.

Moreover, the evidence in the record relied upon by the Department supports its determination, which was not arbitrary or capricious. Finally, given that the adjudication was for money laundering, the remedy imposed upon the finding of guilt appropriately included the seizure of the laundered funds.

All other arguments raised by appellant lack sufficient merit to warrant discussion. <u>R.</u> 2:11-3(e)(1)(D) and (E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

4

A-3807-15T2